# ORPHANS' COURT OF BALTIMORE CITY.

Filed October 6, 1894.

IN THE MATTER OF THE ESTATE OF FREDERICK RAINE, DECEASED.

*James H. Preston* for Mrs. Raine.

*Archibald H. Taylor* for certain legatees.

*Edgar H. Gans* for Mrs. Savage.

Opinion by EDWARDS, J., in which GANS, J., concurs.

EDWARDS, J., and LINDSAY, C. J. dissent—

This matter is brought before the court by petition of Pamelia B. Raine, an executrix and legatee under the will of Frederick Raine, deceased, praying the revocation of the letters testamentary heretofore granted to George Savage, a co-executor under said will, on the ground of failure and refusal on the part of said Savage to comply with orders of this court passed July 14th and September 22d, respectively, the former being an order to pay certain legatees specific legacies under said will, and the latter dismissing a petition of said George Savage for a rehearing, and affirming the former order.

These orders were passed by the court because it was satisfied that the assets of the estate were amply sufficient to dischage the debts and pay the legacies made by the testator's will, the question of jurisdiction not having been either raised or considered.

The answer of said George Savage to the petition now under consideration distinctly and positively denies the jurisdiction of the Orphans' Court to compel distribution or to revoke his letters, except for strictly legal cause.

The court having heard the arguments of the respective counsel, and consulted the numerous authorities cited by them, as well as the statutory provisions of the Code of Public General Laws, and after having carefully considered the same, is clearly of the opinion that the point raised is true and valid.

The power and authority of the Orphans' Court is derived solely from the express provisions of the statutes relating thereto, and is entirely confined within those limits, and expressly forbidden to go beyond them.

There is no statute which expressly clothes it with the power to *compel* distribution unless the administrator chooses to invoke its direction and control, as provided in Section 143, Article 93. Sections 118 and 119 of Article 93 make it the duty of an administrator to distribute the surplus in his hands after discharging the debts, to distribute the same according to the scheme laid down in Sections 120 to 135 inclusive of Article 93, but fails to give the Orphans' Court power to compel the same. The provisions of the testamentary statutes confers ample power as to rendering inventories, returning accounts and the like, but ceases at those points. The general powers of the Court as expressed in Sections 230 and 231 of Article 93, when carefully examined, evidently refers to *accounts, claims* and *demands* between legatees and persons entitled to distributive shares of estates, and executors and administrators (*inter-vivos*) in so far as the account itself, and the statement thereof may be concerned, and nothing beyond. Then to clinch more firmly the restrained, restricted and limited power of the Court, Section 256, of the same article states, "The Orphans' Court shall not, under pretext of incidental power or constructive authority exercise any jurisdiction not expressly conferred by law." The Court of Appeals, in the case of Biays vs. Roberts, in 68th Maryland, expressly decides that the passage of a final account by an administrator showing a balance in his hands for distribution is a complete settlement so far as the Orphans' Court is concerned. He is not bound to make distibution under its supervision, unless he chooses so to do. The only remedy left for the legatees and distributees is an action at law against the administrator individually or to institute suit upon his administration bond. So that it is conclusive that the Orphans' Court has no power to compel distribution, and therefore its order requiring it would be nugatory.

In this case there is another point involved, namely, as to who would be liable for the payment of the suit for the claim of Clara Heyen against the estate now on trial in one of the law Courts, under the will of Frederick Raine, should it be decided in her favor, involving a partial construction of said will, which is also clearly beyond the jurisdiction of the Orphans' Court.

It is therefore the opinion of the Court that the petition should be dismissed for want of jurisdiction.

It is therefore this 6th day of October, 1894, ordered by the Orphans' Court for Baltimore City, that the petition be and the same is hereby dismissed, the costs to be paid out of the estate.

---

### DISSENTING OPINION.

LINDSAY, C. J.—

In dissenting from the opinion of the majority of the Court in this case, I deem it proper to give my reasons for so doing. This case has been before the Court in three different forms.

The *first*, by petition of the legatees, asking "that the Court authorize the executors to pay a portion of their legacies." This petition was resisted by *two* of the executors, but the *third* executor (George Savage), in his answer to the petition, stated the condition of the estate and submitted himself "to the proper jurisdiction and order of this Court."

After hearing the arguments of the respective counsel in the case, the Court could see no reason for the executors holding the entire estate in their hands to meet a suit for $5,000.00, pending against the estate, and passed the fol-

lowing order, which is fully sanctioned by Sec. 141, Art. 93, Code: "It is ordered this 14th day of July, 1894, that the executors reserve the sum of $15,000 or its value in property to pay the claim now contested, should it be finally adjudicated to be true and proper to be paid; and that the executors be ordered at once, or as soon as practicable, to pay the respective legacies as prayed."

*This order* was partially carried into effect by the executors paying off some $3,000 of the legacies, but was not entirely executed on account of a *second petition*, filed by Mr. George Savage for *a rehearing* of the case. After argument by counsel *pro* and *con*, and by Mr. Savage himself, this *second petition* was *dismissed* by the Court.

This *second petition* having been dismissed, the case was still under the ruling of the *first* order, but as Mr. Savage refused to be held by it and refused also, to continue the payment of the legacies—his co-executors filed a *third petition*, asking the revocation of his letters as executor in the case, he having refused to comply with the order of the Court.

To this *third petition* Mr. Savage made answer "denying the jurisdiction of the Court to enforce the order or to revoke his letters as executor."

This being a statement of the case and the plea of "non jurisdiction" having been sustained by the majority of the Court, I give the following reasons for my dissenting opinion:

First—I am of the opinion that the Court has full jurisdiction in the case, under Sections 141, 230 and 231.

Second—The executor, George Savage, having submitted himself to the jurisdiction of this Court and its order (68 Md., Biays vs. Roberts) by the part payment of the legacies under that order, he is bound by that decree of this Court (22 Md., Lowe vs. Lowe) and as his petition "for a rehearing of the case" *was dismissed*, it is my opinion that the decree of this Court, *stands* until reversed by a higher Court.

Third—I am of the opinion that the plea of non jurisdiction of this Court in this case, comes too late, his redress being the Court of Appeals.

I am also of the opinion that the prayer of the petitioners should be sustained.